IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

                                                                                                                                                           No.  CR 19-593 JCH

            **Plaintiff,**

vs.

**WILLIE LEE EDWARDS,**

            **Defendant.**

## UNOPPOSED MOTION TO VACATE AND CONTINUE THE TRIAL SETTING

COMES NOW the Defendant, Willie Lee Edwards, by and through his attorney of record Brian A. Pori, and with the prior approval of Assistant United States Attorney Taylor Hartstein (counsel of record for the United States) to respectfully request that this Honorable Court vacate the current trial setting of February 20, 2024 and continue the trial setting for 60 days in order to allow the parties to continue the ongoing plea negotiations and to give recently appointed counsel additional time to prepare for any potential trial of this matter.  In support of this Unopposed Motion, counsel for Mr. Edwards states:

1.      On June 9, 2021, a Grand Jury returned a Superseding Indictment, charging Mr. Edwards with ten counts of making a false statement in order to obtain consumer credit (in violation of 18 U.S.C. § 1014) and one count of being a person who was prohibited from possessing a firearm because of a felony conviction for forgery and a misdemeanor conviction for domestic violence (in violation of 18 U.S.C. §§ 922, subd. (g) and 924).  (Doc. 60.)  On October 7, 2021, Mr. Edwards pled guilty to the offenses of making false statements to obtain consumer credit, as alleged in Counts 1 through 10 of the Superseding Indictment.  (Doc. 91.)  This Honorable Court has set a trial on the remaining count of being a prohibited person in possession of a firearm for February 20, 2024.  (Doc. 172.)

2.      Undersigned counsel was appointed as counsel for Mr. Edwards on October 31, 2023 (Doc. 163.)  Because this case has been pending for four years and because undersigned counsel is the fourth attorney appointed to represent Mr. Edwards in this case, counsel requires additional time to prepare for a trial and will not be prepared to proceed to a contested jury trial on February 20, 2024.  A reasonable continuance of 60 days will propvide undersigned counsel with sufficient time to prepare for any potential trial of this matter.

3.      In addition, the parties are engaged in ongoing plea negotiations and those negotiations are not likely to conclude prior to the scheduled start of a trial on February 20, 2024.  A reasonable continuance of the trial setting will provide the parties with sufficient additional time to pursue their ongoing plea negotiations in an

effort to save scarce judicial resources in an effort to reach a mutually acceptable resolution in this case.

4. A reasonable continuance of the February 20th trial setting for 60 days for will provide counsel for Mr. Edwards with sufficient time to prepare for any potential trial and should provide sufficient time to allow the parties to conclude their ongoing plea negotiations.  The requested continuance is not meant for purposes of delay and is not necessitated by any congestion in the trial calendar of this Honorable Court.  Instead, a continuance of 60 days appears to be the minimal amount of time needed for counsel to prepare for trial and for the parties to conclude their ongoing plea negotiations.

5. Counsel for the parties agree that, under 18 U.S.C. § 3161(h)(1)(D), any period of time between the filing of Mr. Edward's Motion to Set Conditions of Release (doc. 173) until a decision is rendered on the Motion will be excluded in determining the time within which this case must proceed to trial   Moreover, the parties agree, pursuant to 18 U.S.C. § 3161(h)(7)), that the ends of justice will be served by granting this request to vacate and continue the trial setting because counsel's efforts to prepare for trial and the parties desire to pursue their ongoing plea negotiations outweighs the best interests of Mr. Edwards and the public to a speedy trial.  *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendant, but was also 'designed with the public interest firmly in mind.'").

6. Assistant United States Attorney Taylor Hartstein, counsel of record for the United States, has been informed of this Motion to Vacate and Continue the Trial Setting and Ms. Hartstein reports that the United States does not oppose the Motion.

WHEREFORE, for all of the foregoing reasons, Defendant Willie Lee Edwards respectfully requests that this Honorable Court vacate the trial setting of February 20, 2024 and continue the trial of this case for a period of 60 days so that counsel for Mr. Edwards can prepare adequately for a trial of this matter and so that the parties can conclude their ongoing plea negotiations.

Respectfully submitted,

*/s Brian A. Pori 1/10/24*
Brian A. Pori
Attorney at Law
204 Bryn Mawr NE
Albuquerque, NM 87106

Counsel for Willie Lee Edwards

## CERTIFICATE OF SERVICE

    I hereby certify that on this 10<u>th</u> day of <u>January</u>, 20<u>24</u> I filed the foregoing Motion through the District Court CM/ECF electronic filing program which caused a copy of the pleading to be electronically delivered to counsel for the United States addressed as follows:

Taylor Hartstein, Esq.
United States Attorney's Office
P.O. Box 607
Albuquerque, NM 87103

                                                */s Brian A. Pori 1/10/24*
                                                Brian A. Pori